IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

EMILIO FUSCO,

                Petitioner,

                                              Civ. Action No.
  vs.                                        9:05-CV-1425 (FJS/DEP)

T.R. CRAIG, *Warden, FCI Raybrook*,

                Respondent.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

**[last known address**]
EMILIO FUSCO, pro se
02689-748
FCI Ray Brook
Po Box 9006
Ray Brook, New York 12977

FOR DEFENDANTS:

HON. GLENN T. SUDDABY          CHARLES E. ROBERTS, ESQ.
United States Attorney             Assistant U.S. Attorney
Northern District of New York
Federal Building
100 S. Clinton Street
Syracuse, New York 13261-7198

DAVID E. PEEBLES
UNITED STATES MAGISTRATE JUDGE

## REPORT and RECOMMENDATION

This federal habeas proceeding was commenced by the petitioner, Emilio Fusco who is proceeding *pro se*, on November 15, 2005. At the time of filing of his petition Fusco was confined in the Ray Brook Federal Correctional Institution ("FCI Ray Brook").

On March 1, 2006 I issued an order, a copy of which was thereafter sent to petitioner's last known address at FCI Ray Brook by regular mail. See Dkt. No. 4. That document was returned to the court on March 13, 2006, marked as undeliverable, "not deliverable as addressed." See Dkt. No. 5. A search of The Federal Bureau of Prisons inmate locator website has confirmed the petitioner is no longer at that facility, having been released on May 8, 2006. Despite this change in circumstances, however, the petitioner has not provided the court and respondent's counsel with a new address.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a Court may, in its discretion, dismiss an action based upon the failure of a petitioner to prosecute an action or comply with any order of the Court. *Link v. Wabash Railroad County Independent School District*, 370 U.S. 626 (1962). This power to dismiss an action may be exercised when

necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 W.L. 9688, *1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Under this court's rules, an unrepresented litigant is under a duty to inform the court of any address changes. As then-District Judge Pooler has noted,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

Obviously, this matter cannot proceed without notification to the court by the petitioner of his current address. Since petitioner has failed to fulfill his obligation to provide such notification, it is hereby

RECOMMENDED, that this action be DISMISSED pursuant to Rule

41(b) of the Federal Rules of Civil Procedure, based upon petitioner's failure to prosecute and to comply with this court's orders and local rules of practice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993).

It if further ORDERED that the Clerk serve a copy of this report and recommendation on the petitioner at his last known address by regular mail, and upon respondent's counsel electronically.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: November 29, 2006
       Syracuse, New York